UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 93-1109-MORENO

UNITED STATES OF AMERICA,
Plaintiff,                                                              CIV-93-1109-MORENO

v.

METROPOLITAN DADE COUNTY,
MIAMI-DADE WATER AND SEWER
AUTHORITY DEPARTMENT, and the
STATE OF FLORIDA,

Defendants.
_____

BISCAYNE BAY WATERKEEPER,
a Florida not for profit corporation, and JUDI
KOSLEN, a Key Biscayne, Florida Resident

Proposed Plaintiffs-Intervenors

_____/

**PROPOSED PLAINTIFFS/INTERVENORS' MOTION
AND MEMORANDUM FOR LEAVE TO INTERVENE AS PLAINTIFFS**

Proposed Plaintiffs/Intervenors Biscayne Bay Waterkeeper ("Waterkeeper") and Judi Koslen (with Waterkeeper, Proposed "Plaintiffs/Intervenors") hereby respectfully move pursuant to Federal Rules of Civil Procedure 24(a) and (b) for leave to intervene in this action. In support of this motion, Plaintiffs/Intervenors state as follows:

**FACTUAL BACKGROUND**

1.       This action concerns Miami-Dade County's (the "County") systemic failures to operate and maintain a sewage collection, transmission and treatment system so as to avoid

unpermitted discharges of pollutants in violation of the Federal Clean Water Act, 33 U.S.C. § 1311 *et seq.* (the "Act"). The United States filed its original complaint on June 10, 1993. (DE 1.)

2. The United States's Complaint alleged that the County's sewage system posed an imminent and substantial endangerment to the health and welfare of the public by virtue of the County's continued use of a seriously decrepit 72" cross-bay force main conveying untreated sewage from the City of Miami to the County's Central Wastewater Treatment Plant (the "Central Plant"). The Complaint further alleged that the County, as a consequence of unpermitted sanitary sewer overflows ("SSO"), had discharged untreated sewage with a permit in violation of the Act, and had violated the terms and conditions of its wastewater treatment permits.

3. The United States' Complaint resulted in the entry of a first partial Consent Decree dated January 13, 1994 and entered by this Court on January 18, 1994 (DE 36), and the entry of a Second and Final Partial Consent Decree dated April 17, 1995 and entered by this Court on September 12, 1995 (DE 118). The consent decrees focused on achieving system upgrades and improvements to repair deterioration of the system so as to avoid future SSOs.

4. Among other things, the consent decrees required the County to undertake all necessary steps so as to minimize any further unpermitted discharges of sewage from the County's sewage collection and treatment system. (DE 36 ¶ 8; DE 118 ¶ 8.) The consent decrees confer on this Court continuing jurisdiction to undertake any action necessary or appropriate to ensure compliance with the decrees. (DE 36 ¶ 54; DE 118 ¶ 64.)

5. Regrettably, since entry of the consent decrees, the County has been unable to achieve compliance with the requirements of the consent decrees and the Federal Clean Water Act. It is a sad fact that repeated, regular and reoccurring discharges of raw sewage have

occurred, defiling the waters of the United States, including Biscayne Bay, Biscayne National Park, Biscayne Bay Aquatic Preserve, and the near shore Atlantic Ocean in clear violation of the Act and the consent decrees. These discharges are serious, substantial and inconsistent with the County's obligations under the decrees of this Court, to which the County consented. Put simply, the County has failed to take, as ordered by this Court, all steps necessary to avoid unpermitted discharges of sewage. Accordingly, Plaintiffs/Intervenors seek leave to file the attached proposed Complaint in intervention. The proposed Complaint in Intervention seeks an order from this Court declaring the County to be in violation of the existing consent decrees, and preventing the County from entering into yet another insufficient consent decree as a purported remedy for past violations.

6. Plaintiff/Intervenor Waterkeeper is a non-profit corporation, organized and existing under the laws of the State of Florida, with its principal place of business in Miami Beach, Florida. Waterkeeper's mission is to protect and enhance the water quality of Biscayne Bay and its tributaries for the benefit of its ecosystems and the surrounding human communities. Waterkeeper accomplishes its mission through education, advocacy, restoration and enforcement of environmental laws.

7. Waterkeeper membership includes individuals who use the waters of the United States within Miami-Dade County, including Biscayne Bay and the Intracoastal Waterway and other surface waters and their beaches for recreational purposes such as boating, swimming, and fishing. Local members also live, work, recreate, or all, in the vicinity of Biscayne Bay and the Intracoastal Waterway and other surface waters in Miami-Dade County and have a conservation and aesthetic interest in ensuring that these water bodies and their banks are not fouled by raw sewage overflows.

8. Because Waterkeeper members swim, boat, fish and recreate in Biscayne Bay, the Intracoastal Waterway and other surface waters in Miami-Dade County, Waterkeeper members are regularly in contact with the surface waters and, thereby, adversely affected by presence of raw sewage overflows and SSOs. The County's raw sewage overflows, therefore, present a threat to Waterkeeper members' health and well-being, if they come in contact with sewage-contaminated waters. Furthermore, water contaminated by the County's illegal sewer overflows is offensive to Waterkeeper members' aesthetic and recreational interests in boating in waters that have not be contaminated by the County' illegal sewer overflows.

9. Plaintiff-Intervenor, Judi Koslen, is a resident of Key Biscayne.  Ms. Koslen is a breast-cancer survivor, who is frequently on the waters of Biscayne Bay.  She regularly paddles on the Bay, (including in the Virginia Key marine stadium boat basin), the Intracoastal Waterway and other surface waters in the County.  In such recreational activities, Ms. Koslen is regularly in contact with the surface waters. Ms. Koslen is regularly splashed by the surface waters in her face and nose and mouth and is, as a consequence, directly affected by presence of raw sewage SSOs.

10. Ms. Koslen must wade in the waters if she takes her boat onto a beach or shoreline.  She recently suffered an infection on her leg after contact with the water in removing the boat from the water.  Since then, she has avoided direct contact with the water to the extent possible. The County's raw sewage overflows, therefore, present a direct threat to Ms. Koslen's health and well-being, if she comes in contact with sewage-contaminated waters. Furthermore, water contaminated by the County's illegal sewer overflows is offensive to Ms. Koslen's aesthetic and recreational interests in boating in waters that have not be contaminated by the

County' illegal sewer overflows. The quality of the waters in Miami-Dade County directly affects Ms. Koslen's recreational, aesthetic, and/or environmental interests.

11. Plaintiffs/Intervenors' proposed Complaint in Intervention is attached hereto as exhibit A.

## ARGUMENT

Federal Rules of Civil Procedure Rule 24(a) provides for intervention as of right, stating: "On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Rule 24(a) is to be construed liberally. *See South Dakota v. U.S. Dep't of Interior*, 317 F.3d 783, 785 (8th Cir. 2003) ("[A]ll doubts [should be] resolved in favor of the proposed intervenor.").

The Clean Water Act gives Plaintiffs/Intervenors an unconditional right to intervene in EPA Clean Water Act enforcement actions.  Under 33 U.S.C. § 1365(b)(1)(B), a citizen (which Plaintiffs/Intervenors are) "may intervene as a matter of right" in any case where the EPA is seeking compliance with the Clean Water Act.  In context, it is clear that Congress intended to also provide a right to intervene when, as here, the governments' prosecution has been less than diligent.  Further, Plaintiffs/Intervenors' motion is timely because the County's failure to comply with the consent decrees has only recently been all but conceded by the County and documented by the EPA. (*See* Plaintiffs/Intervenors' Proposed Compl. in Intervention ¶¶ 1, 55 & 66-67.)

In *United States v. City of Baton Rouge,* Case No. 01-978-BAJ-SCR, 2012 WL 132980 (M.D. La. April 20, 2012), the United States District Court for the Middle District of Louisiana

recently granted intervention as of right in very similar Clean Water Act case.  In *City of Baton Rouge*, the City of Baton Rouge and the EPA entered into a consent decree compelling improvements to the City's sanitary sewer system.  The consent decree was entered in 2002. Intervenors, the Louisiana Environmental Action Network and Concerned Citizens of University Place, moved to intervene as of right under section 1365(b)(1)(B) after learning that a modification to the consent decree was proposed that would have postponed certain project completion deadlines. *Id.* at 1. The Court granted intervention as of right noting that "[a]lthough the primary responsibility for enforcement [of the CWA] rests with the state and federal governments, ***private citizens provide a second level of enforcement and can serve as a check to ensure the state and federal governments are diligent in prosecuting Clean Water Act viola***tions." *Id.* at 1 (quoting *Sierra Club v. Hamilton County Bd. of Commissioners*, 504 F.3d 634 (6th Cir. 2004)) (emphasis added).

Here, Plaintiffs/Intervenors have an interest relating to the compliance with the consent decrees and the Clean Water Act violations that are the subject of this action, and Plaintiffs/Intervenors are so situated that as a practical matter their ability to protect their interests may be impaired or impeded absent intervention.  Meanwhile, the existing parties do not adequately represent Plaintiffs/Intervenors' interests.  This is because Plaintiffs/Intervenors are uniquely injured by the County's failure to comply with the consent decrees and continued Clean Water Act violations.  The EPA does not adequately represent Plaintiffs/Intervenors because it has not achieved compliance with the Act after more than 19-years of purporting to enforce the law and it has failed to enforce the existing consent decrees.  Moreover, the EPA and the County are currently negotiating a new consent decree to supersede the existing decrees, and by, if not significantly altered, the new proposed consent decree is not reasonably calculated to

6

ensure Clean Water Act compliance and is contrary to the public's interest. (See Plaintiffs/Intervenors' Proposed Compl. in Intervention ex. 2.)  Intervention as of right is proper.

In the alternative, Federal Rules of Civil Procedure Rule 24(b)(1) provides for permissive intervention, stating: "On timely motion, the court may permit anyone to intervene who: … (B) has a claim or defense that shares with the main action a common question of law or fact." Plaintiffs/Intervenors have a claim under 33 U.S.C. § 1365(a) that shares with the main action common questions of law and fact and this motion is timely, given recent consent decree violations, Clean Water Act violations, and recent proposals to modify the existing consent decrees.

Plaintiffs/Intervenors have submitted a proposed Complaint in Intervention setting forth the bases for their claims.  The claims are appropriate for intervention.

WHEREFORE, Proposed Plaintiffs/Intervenors Biscayne Bay Waterkeeper and Judi Koslen hereby respectfully request that this Court enter an order pursuant to Federal Rules of Civil Procedure 24(a) and (b) granting them leave to intervene in this action.

Respectfully submitted,

By:   s/Paul J. Schwiep
Paul J. Schwiep, Fla. Bar No. 823244
COFFEY BURLINGTON, P.L.
2699 South Bayshore Drive, Penthouse
Miami, Florida 33133
Phone: 305-858-2900
Fax: 305-858-5261
pschwiep@coffeyburlington.com

-and-

Julie Dick, Esq., Fla. Bar No. 86455
Abraham Law Group
151 Crandon Blvd., #100
Key Biscayne, FL 33149
Phone: 786-224-4555

         Fax: 888-335-2579
         jdick@abrahamlawgroup.com

         -and-

         James M. Porter, P.A, Fla. Bar No. 443239
         9350 S. Dixie Highway, 10th Floor
         Miami, Florida 33156
         Phone: 786-425-2299
         Jim@JamesMPorterPA.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November, 13, 2012, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the Service List below via transmission of Notice of Electronic Filing generated by CM/ECF.

                                        s/Paul J. Schwiep

## SERVICE LIST

Rachel Kamons, Esq., Trial Attorney
Rachael.Kamons@usdoj.gov
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
601 D Street NW, Suite 6031
Washington, DC 20044
Telephone: 202-514-5260
Facsimile: 202-616-2427

Peter B. Outerbridge, Esq.
Peter.outerbridge@usdoj.gov
United States Attorney's Office
99 NE 4 Street
Miami, Florida 33132
Telephone: 305-961-9326
Facsimile: 305-530-6168

Robert A. Cuevas, Jr.
Rac1@miamidade.gov
Dade County Attorney's Office
111 NW 1 Street
Suite 2810
Miami, Florida 33128
Telephone: 305-375-3842
Facsimile: 305-375-5634

Jonathan A. Glogau, Esq.
Jon.glogau@myfloridalegal.com
Attorney General Office
Department of Legal Affairs
The Capitol PL-01
Tallahassee, Florida 32399
Telephone: 850-414-3300
Facsimile: 850-414-9650