IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:93-cv-01109-FAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| METROPOLITAN DADE COUNTY et al, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| BISCAYNE BAY WATERKEEPER, a Florida | ) |
| not for profit corporation, and JUDI KOSLEN, a | ) |
| Key Biscayne, Florida resident, | ) |
| | ) |
| Proposed Plaintiffs-Intervenors. | ) |

**JOINT UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PROPOSED PLAINTIFFS/INTERVENORS' CORRECTED MOTION FOR LEAVE TO INTERVENE AS PLAINTIFFS**

Plaintiff United States of America, Defendant Metropolitan Dade County, now known as Miami-Dade County ("Miami-Dade"), Defendant Miami-Dade Water and Sewer Authority Department, and defendant State of Florida (together, "the Parties") jointly move for a three (3) week extension of time to file a memorandum in response to Proposed Plaintiffs/Intervenors' ("the Proposed Intervenors") Corrected Motion for Leave to Intervene as Plaintiffs ("Corrected Motion"). The Proposed Intervenors do not oppose this motion. The grounds for this motion are as follows:

1. On June 10, 1993, the United States filed a complaint against Metropolitan Dade County, Miami-Dade Water and Sewer Authority Department, and the State of Florida for

violations of the Clean Water Act ("CWA"), 33 U.S.C. § 1251 et seq., and certain National Pollution Discharge Elimination Permit System ("NPDES") permit requirements.

2. On January 13, 1994, this Court entered a First Partial Consent Decree resolving certain claims brought by the United States pursuant to CWA Section 504, 33 U.S.C. § 1364, concerning the alleged threat presented by Miami-Dade's continued use of a seventy-two (72) inch force main that conveyed untreated wastewater from the City of Miami under Biscayne Bay to the Central District Wastewater Treatment Plant ("WWTP"). The First Partial Consent Decree required Miami-Dade to implement certain injunctive relief measures, including measures to address the alleged threat presented by Miami-Dade's continued use of this force main.

3. On September 12, 1995, this Court entered the Second and Final Partial Consent Decree resolving the outstanding claims brought by the United States against Miami-Dade pursuant to Sections 301, 309(b) and (d), and 402 of the CWA, 33 U.S.C. §§ 1311, 1319(b) and (d), and 1342, alleging that the discharge of untreated wastewater from Miami-Dade's municipal wastewater collection and transmission system ("WCTS") without a permit (*i.e.* sanitary sewer overflows, or "SSOs") constitutes a violation of the CWA, the regulations promulgated thereunder, and the various terms and conditions of applicable NPDES permits. The Second and Final Partial Consent Decree required Miami-Dade to implement certain injunctive relief measures to address the SSOs from Miami-Dade's WCTS.

4. Since 1995, Miami-Dade has spent approximately $1.8 billion upgrading its wastewater infrastructure, and as a result, the number and volume of SSOs has been significantly reduced, with no capacity related SSOs since 2002 despite the increase in service area population and Hurricanes Wilma and Katrina. Since 1995, Miami-Dade has upgraded a total of 664 pump

stations and 222 force mains, and has completed more than 32,000 mandated repairs to sanitary sewers.

5. Since 1995, conditions within and circumstances surrounding Miami-Dade's WCTS and WWTPs have changed, including the causes and locations of SSOs. Accordingly, in April 2011, Miami-Dade completed a self-assessment of its capacity, management, operations and maintenance programs to determine how these programs should be modified in order to more effectively address SSOs and improve system performance. The self-assessment report was submitted to the Environmental Protection Agency ("EPA") on May 1, 2011.

6. Based on Miami-Dade's self assessment, along with Miami-Dade's self-reported SSOs and violations of NPDES permit conditions, including effluent limitation exceedances and improper management, operation, and maintenance practices, the United States determined that a new consent decree was appropriate to address these new concerns.

7. In September 2011, the United States, Florida, and Miami-Dade began negotiations for a new consent decree. These negotiations were reported in the Miami-Herald as early as May 2, 2012. *See, e.g.,* Ex. A; Proposed Intervenors' Memorandum Complaint in Intervention, Ex. 3 (Doc. No. 119-9), at 4.[1]

8. During the week of September 24, 2012, Miami-Dade held three community outreach meetings to inform the community about the projects Miami-Dade has identified to improve its WTCS that are proposed to be included in the new consent decree. *See* Ex. B, at 4-5. On September 20, 2012, Miami-Dade emailed proposed intervenor Biscayne Bay Waterkeeper ("BBW") extending an invitation to attend the meetings, and informing BBW that "[t]he Miami-

---

[1] Page numbers refer to the CM/ECF page numbers rather than the document page numbers.

Dade Water and Sewer Department is currently in negotiations with the Environmental Protection Agency and the Florida Department of Environmental Protection on a federal consent decree for improvements to the wastewater treatment and collection system." Ex. B, at 3-4. A representative from proposed intervenor Biscayne Bay Waterkeeper was in attendance at one of the meetings.

9. Proposed Intervenors subsequently requested, and were provided with, copies of the draft consent decree being negotiated, and related information. *See, e.g.,* Ex. B, at 1-2; Ex. C; *see also* Memorandum Complaint in Intervention, Ex. 2, at Doc. Nos. 119-3 to 119-8.

10. On October 8, 2012, Proposed Intervenors sent the Parties a Notice of Intent to Sue pursuant to Section 505 of the CWA, 33 U.S.C. § 1365. *See* Ex. D. The notice was received by the Parties on or before October 15, 2012. *See id.*, at 16-18. Also called a "sixty-day notice," CWA Section 505(b)(1)(A) provides that a potential plaintiff must wait sixty days after giving notice of intent to sue to commence an action under CWA Section 505.

11. Rather than waiting sixty days to file suit, and knowing that the Parties were already negotiating a consent decree to be lodged in a new action, Proposed Intervenors filed a Motion for Leave to Intervene as Plaintiffs on November 13, 2012. (*See* Doc. No. 119.)

12. On November 14, 2012, Proposed Intervenors filed the instant Corrected Motion for Leave to Intervene as Plaintiffs. (*See* Doc. No. 120.) Accordingly, on November 20, 2012, this Court denied as moot the original Motion for Leave to Intervene as Plaintiffs. (*See* Doc. No. 122.) The Corrected Motion is still pending. Pursuant to Local Rule 7.1(c)(1)(A), the Parties' response is due on December 3, 2012.

13. The Parties reached out to Proposed Intervenors, and a telephone conference was held between the Parties and Proposed Intervenors on November 21, 2012, during which the instant Corrected Motion for Leave to Intervene as Plaintiffs was discussed, as well as timing of the Parties' response thereto in coordination with any complaint that the United States and/or the Florida may file prior to the expiration of the Proposed Intervenors' sixty-day notice, pursuant CWA Section 505, 33 U.S.C. § 1365, and consent decree that the Parties may lodge either concurrently with the complaint or thereafter. It is the Parties' belief that a new action would render the instant Corrected Motion moot, and the Proposed Intervenors could intervene in the new action pursuant to CWA Section 505(b)(1)(B), 33 U.S.C. § 1365(b)(1)(B).

14. The Proposed Intervenors' sixty-day notice expires on December 14, 2012, which is after the date on which the Parties' response to the Corrected Motion is due.

15. The Parties and the Proposed Intervenors are still actively engaged in discussions regarding the relief the Proposed Intervenors seek through the Corrected Motion, their sixty-day notice, and their initial informal comments to the draft consent decree.

16. In the interests of timing and judicial efficiency, and because of the Parties' counsel's schedules, the Parties request a three (3) week extension from December 3, 2012 to December 24, 2012 to file their response to the Corrected Motion.

17. On November 30, 2012, counsel for the United States conferred with the Proposed Intervenors' counsel, who agreed to a three (3) week extension.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request a three (3) week extension of time from December 3, 2012 to December 24, 2012 to file a memorandum in response to Proposed Intervenors' Corrected Motion for Leave to Intervene as Plaintiffs.

Respectfully submitted,

FOR PLAINTIFF UNITED STATES OF AMERICA:

/s/ Rachael Amy Kamons
Rachael Amy Kamons
Trial Attorney
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Telephone: (202) 514-5260
Facsimile: (202) 616-2427
E-mail: Rachael.Kamons@usdoj.gov

Of Counsel:
WILLIAM B. BUSH
Associate Regional Counsel
U.S. EPA Region 4
61 Forsyth Street, S.W.
Atlanta, GA 30303-8960
Telephone: (404) 562-9538
Facsimile: (404) 562-9486

ALAN MORRISSEY
Senior Attorney
Water Enforcement Division
Office of Civil Enforcement, Office of Enforcement and Compliance Assurance
United States Environmental Protection Agency
1200 Pennsylvania Ave., NW (2243A)
Washington, DC 20460
Telephone: (202) 564-4026
Facsimile: (202) 564-0024
FOR DEFENDANT STATE OF FLORIDA:

PAMELA JO BONDI
ATTORNEY GENERAL


/s/ Jonathan A. Glogau*
JONATHAN A. GLOGAU
Chief, Complex Litigation
Fla. Bar No. 371823
PL-01, The Capitol
Tallahassee, FL 32399-1050
850-414-3300, ext. 4817
850-414-9650 (fax)
jon.glogau@myfloridalegal.com



FOR DEFENDANTS MIAMI-DADE COUNTY f/k/a METROPOLITAN DADE COUNTY
AND MIAMI-DADE WATER AND SEWER AUTHORITY DEPARTMENT:

R. A. CUEVAS, JR.
Miami-Dade County Attorney

By:     /s/ Henry N. Gillman
        Henry N. Gillman
        Assistant County Attorney
        Fla. Bar No. 793647
        Stephen P. Clark Center
        111 N.W. First Street, Suite 2810
        Miami, Florida  33128-1993
        Tel: 305-375-5151
        Fax: 305-375-5611
        hgill@miamidade.gov
        lpaxt01@miamidade.gov


* Counsel for the State of Florida and Miami-Dade County have reviewed this pleading and have authorized counsel for the United States to electronically sign this document on their behalf.

## CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that on December 3, 2012, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the Service List below either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                              /s/ Rachael Amy Kamons
                                              Rachael Amy Kamons

**SERVICE LIST**

Robert Anthony Cuevas , Jr.
Dade County Attorney's Office
Metro Dade Center
111 NW 1st Street, Suite 2810
Miami, FL 33128-1993

Jonathan A. Glogau
Attorney General Office
Department of Legal Affairs
The Capitol PL-01
Tallahassee, FL 32399

Paul Joseph Schwiep
Coffey Burlington
2699 S Bayshore Drive
Penthouse A
Miami, FL 33133